# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BUTTE DIVISION

| | |
|---|---|
| SARA NOVAK, | CV 10-62-BU-RFC-CSO |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| ANACONDA SCHOOL DISTRICT, SCHOOL DISTRICT NO. 10, DEER LODGE COUNTY, and TOM DARNELL, individually and as Superintendent of Anaconda School District,, | |
| Defendant. | |

Plaintiff Sara Novak ("Novak") filed this action against Anaconda School District, School District No. 10, Deer Lodge County (hereafter "Anaconda School District"), and Tom Darnell, individually and as Superintendent of the Anaconda School District, alleging improper termination of her employment. Currently pending is Defendants' motion to dismiss Novak's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

# I. BACKGROUND

According to Novak's Complaint, she was hired by the Anaconda School District in 2006 as a certified instructor of the Drivers' Education Program, having provided appropriate credentials during the hiring process. *Court Doc. 1 at ¶ 5.* She was re-employed in this capacity in 2007, 2008, and 2009. *Id. at ¶* 6. In May 2009, she was also hired as the Counselor at Anaconda High School. *Id. at ¶* 7.

On April 12, 2010, Novak received written notice that on April 14, 2010, the Board of Trustees would be acting on a recommendation by Superintendent Darnell to non-renew Novak's employment. *Court Doc. 1 at ¶* 8. Novak alleges that she was terminated as though she were a non-tenured teacher, but in fact she was tenured. *Court Doc. 1 at ¶* 8.

On December 8, 2010, Novak filed a Complaint in this Court asserting the following counts:

| | |
|---|---|
| Count I: | Deprivation of Due Process, Constitutional and Statutory Rights of a Tenured Teacher; |
| Count II: | Declaratory Judgment; |
| Count III: | Breach of Contract; |
| Count IV: | Contractual Violation of the Covenant of Good Faith and Fair Dealing; |
| Count V: | Tortious Violation of the Covenant of Good Faith and Fair Dealing; |
| Count VI: | Fraud; |

| Count VII:   | Negligence;                                          |
| Count VIII:  | Detrimental Reliance;                                |
| Count IX:    | Negligent Infliction of Emotional Distress; and     |
| Count X:     | Intentional Infliction of Emotional Distress.       |

*Court Doc. 1.* Defendants move to dismiss all counts. The Court addresses Defendant's contentions as follows.

## II.    SUBJECT MATTER JURISDICTION – Rule 12(b)(1)

### A.    Parties' Arguments

#### 1.    Defendants' Arguments

Defendants contend that this Court lacks subject matter jurisdiction to hear Novak's due process claims because she failed to exhaust non-judicial remedies. *Court Doc. 6 at 3.* Defendants argue that Novak failed to follow the statutory procedures for challenging a school district's termination of a tenured teacher. Without so conceding, Defendants argue that even if Novak was tenured, Montana law requires that a tenured teacher covered by a collective bargaining agreement challenge a district's termination of the teacher's services by arbitration. *Court Doc. 6 at 3.* Defendants argue that where arbitration is the sole means of resolving a dispute between two parties, dismissal for lack of jurisdiction and failure to exhaust non-judicial

remedies is proper. *Court Doc. 6 at 7.* Furthermore, because Montana

law requires that an arbitration demand be filed within 20 days of

termination, Defendants contend that Novak has waived any cause of

action against the Defendants. *Court Doc. 6 at 4.*

Defendants next argue that Novak's remaining claims must, as a

result, be dismissed because they are inextricably linked to her

termination from employment, and thus arbitration was Novak's only

recourse with respect to those claims as well. *Court Doc. 6 at 10.*

### 2.   <u>Novak's Arguments</u>

Novak argues that this case hinges on a fact question that cannot

be answered by the Court here: whether she is a tenured teacher.

*Court Doc. 9 at 3.* Novak contends that she was a tenured teacher, but

that she was terminated pursuant to § 20-4-206, MCA, the statute

governing termination of non-tenured teachers. This statute does not

contain an arbitration provision, and thus she argues that she was not

required to arbitrate her termination pursuant to § 20-4-206, MCA.

*Court Doc. 9 at 7-8.* Novak contends that Defendants' position creates a

"Catch-22," stating: "The Defendants did not follow the statutory steps

to terminate a tenured teacher, and now base their entire argument on

steps that a tenured teacher needs to take to fight termination. They cannot have it both ways." *Court Doc. 9 at 10-11*.

## B. <u>Legal Standard</u>

Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. The burden of establishing jurisdiction rests upon the party asserting it. *Rattlesnake Coal v. E.P.A.*, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).

"Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Kingman Reff Atol Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008)). The Court does not presume that a plaintiff's factual allegations are true, but instead weighs the evidence to find the facts, so long as this factfinding does not involve the merits of the dispute. *See Robinson*, 586 F.3d at 685.

## C. <u>Discussion</u>

Defendants' motion to dismiss for lack of subject matter

jurisdiction is based on the assumed premise that Novak was a tenured teacher as she claims. If she was not tenured, then she was not obligated to arbitrate her employment dispute with the Anaconda School District, and there would be no basis for challenging jurisdiction for failure to exhaust non-judicial remedies. *Compare* § 20-4-204, MCA (governing termination of tenure teacher services) *and* § 20-4-206, MCA (governing notification of nontenure teacher termination).

The Anaconda School District acknowledges that it did not follow the required statutory procedures for terminating a tenured teacher. *Court Doc. 6 at 2; Court Doc. 6-5 at 1.* For example, it did not give her a statement of reasons for the termination or send to her a printed copy of the law governing termination of tenure teacher services, as required by § 20-4-204(2)(b).

The parties dispute the effect of the school district's failure to follow these required procedures. Novak contends that she is not bound by the statutory arbitration requirements because the Defendants ignored their duties under the statute. The school district contends that their failure to follow to statute does not excuse her failure to do so. *See Court Doc. 9 at 9-10; Court Doc. 10 at 4.*

These observations all lead to the conclusion that the jurisdictional issue is intertwined with the merits of this case. Where the question of jurisdiction is intertwined with the merits, the court must consider the allegations in the complaint as true, unless controverted by undisputed facts in the record, and must draw all reasonable inferences in favor of the plaintiff. *Center for Biological Diversity v. Salazar*, 2010 WL 4055568 (N.D. Cal. 2010) (*citing Roberts v. Corrothers,* 812 F.2d 1173, 1177 (9th Cir. 1987)). In *Roberts*, the Ninth Circuit stated that if a district court cannot determine jurisdiction on the basis of a threshold inquiry analogous to a Rule 12(b)(6) motion, the court may assume jurisdiction and go on to determine the relevant jurisdictional facts on either a motion going to the merits or at trial. *Roberts,* 812 F.2d at 1178. Accordingly, the Court will recommend that Defendants' motion to dismiss for lack of jurisdiction be denied.

## III.   FAILURE TO STATE A CLAIM – Rule 12(b)(6)

### A.   Parties' Arguments

#### 1.   Defendants' Arguments

In moving to dismiss under F. R. Civ. P. 12(b)(6), Defendants first

argue that Novak has failed to state a plausible § 1983 claim because "[n]owhere in her Complaint does she provide any legal basis for her implicit assertion that short-term, part-time employment as a drivers' education instructor entitles her to tenure as a teacher." *Court Doc. 6 at 13.* As a result, Defendants argue, the remainder of her claims must also be dismissed because the Court lacks jurisdiction pursuant to 28 U.S.C. § 1376. *Court Doc. 6 at 13-14.*

Second, Defendants argue that Novak's claims for breach of contract and breach of the covenant of good faith and fair dealing should be dismissed because Novak failed to identify any contract covering her employment. *Court Doc. 6 at 14-15.*

Third, Defendants argue that Novak's demand for punitive damages should be dismissed because the school district is immune from exemplary and punitive damages pursuant to § 2-9-105, MCA.

Finally, Defendants argue that Novak's fraud claim should be dismissed because she did not plead fraud with sufficient particularity pursuant to F. R. Civ. P. 9(b). *Court Doc. 6 at 16-17.*

## 2. <u>Novak's Arguments</u>

In response, Novak argues that Defendants are asking the Court

to look beyond the pleadings, and that these issues are more appropriately considered on a motion for summary judgment after additional discovery has taken place. *Court Doc. 9 at 14.* Next, Novak argues that her claims for punitive damages need not be dismissed because Defendant Tom Darnell is not immune from punitive damages under the statute cited by Defendants. *Court Doc. 9 at 16.* Novak also argues that she has sufficiently plead fraud. *Court Doc. 9 at 17.* Novak points to her allegation that Defendants made "false representations to Plaintiff relative to her tenured status, or lack of it, that induced her to forego efforts to fight her termination at the time it was presented to her." *Court Doc. 9 at 17.*

## B. <u>Legal Standard</u>

A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *see also Chavez v. Bank of America, N.A.*, 2010 WL 1854087 at *4 (E.D. Cal. 2010) (summarizing the legal standard to be applied to Rule 12(b)(6) motions to dismiss). It does not necessarily resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses. *Id.* The

defendant bears the burden of proving that the plaintiff has failed to state a claim. *Anderson v. Fishback*, 2009 WL 2423327 * 2 (E.D.Cal. 2009).

The Court evaluates Rule 12(b)(6) motions to dismiss in light of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." While "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face. A claim is plausible on its face when the facts

pled "allow[] the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*,

550 U.S. at 556). The claim need not be probable, but there must be

more than a sheer possibility that a defendant has acted unlawfully.

Facts that are merely consistent with a defendant's liability fall short of

this standard. "[W]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has

alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'"

*Id.* at 1950.

## C. Discussion

### 1. Novak's § 1983 Claim

42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State ... subjects, or causes to
> be subjected, any citizen of the United States ... to the deprivation
> of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress
> ... .

Novak is alleging that her due process rights were violated when

Defendants improperly terminated her employment pursuant to § 20-4-

206, MCA, instead of § 20-4-204, MCA.

The Fourteenth Amendment forbids any State from depriving persons of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV. But the United States Constitution does not itself create property interests. *Doyle v. City of Medford*, 606 F.3d 667, 672 (9th Cir. 2010). Rather, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

"[P]ublic employees who can be discharged only for cause have a constitutionally protected property interest in their tenure and cannot be fired without due process." *Gilbert v. Homar*, 520 U.S. 924, 928-29 (1997). Thus, in order to establish a deprivation of due process, an employee "needs an individual entitlement grounded in state law, which cannot be removed except for cause ... ." *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 780 (9th Cir. 1997).

Defendants argue that Novak's § 1983 claim fails because "[n]owhere in her Complaint does she provide any legal basis for her

implicit assertion that short-term, part-time employment as a drivers'
education instructor entitles her to tenure as a teacher.  *Court Doc. 6 at
13*.  Contrary to Defendants' arguments, however, the Court finds that
Novak's Complaint specifically alleges that she was a tenured teacher
"upon her acceptance as a Driver's Education Instructor in 2009 (her
fourth consecutive contract)."  *Court Doc. 1 at 3-4, ¶ 9.  See also, id. at 5,
¶¶ 14-15*.  Novak also specifically alleges how Defendants violated her
right to due process under the United States Constitution:

> The Defendants failed to provide Plaintiff with due process of law
> as required by the ... Fourteenth Amendment[] to the Federal
> Constitution ... .  The Defendants have acted arbitrarily and
> cancelled Plaintiff's teaching contracts without providing Plaintiff
> with the requisite hearing, opportunity to present evidence, face
> or cross-examine witnesses, and/or not following the statutory
> guidelines of § 20-4-204, MCA; thus violating her Constitutional
> Right to due process of law.

*Court Doc. 1 at 4, ¶ 10.*

In light of these allegations, the Court concludes that Novak has
stated a claim, plausible on its face, pursuant to 42 U.S.C. § 1983.
Accordingly, the Court will recommend that Defendants' motion on this
issue be denied.  Because Novak's § 1983 claim remains, Defendants'
argument that her remaining state law claims must be dismissed for

want of jurisdiction under 28 U.S.C. § 1367, is without merit.

## 2. Novak's Breach of Contract & Breach of the Covenant of Good Faith and Fair Dealing Claims

Defendants contend that Novak failed to identify a specific

contract that Defendants breached.  But in her Complaint, Novak

alleged the following:

10.   ... The Defendants have acted arbitrarily and cancelled Plaintiff's teaching contracts ... .

       *    *    *

15.   ... The Defendants breached their duty and violated Plaintiff's Constitutional Rights when they failed to provide her with due process of law and terminated her contract without following the prerequisites of Montana law ... .

       *    *    *

23.   Upon the acceptance of her fourth contract to be a Driver's Education Instructor, Sara Novak achieved the status of a tenured teacher entitled to all statutory and contract guidelines applicable to a tenured teacher.

24.   The Defendants breached Plaintiff's contractual rights by failing to give Ms. Novak the proper documentation and accords required for a tenured teacher when they terminated her employment under the statutory grounds for a non-tenured teacher.

       *    *    *

26.   That the Defendants breached the contract by attempting to

rely on a non-material and unbargained for terms [sic] in the contract to terminate the contract.

\* \* \*

31.    ... Each contract of Ms. Novak contained the covenant of good faith and fair dealing.

\* \* \*

35.    ... [Plaintiff] has been greatly inconvenienced by the problems associated with the termination of her teaching contract.

*Court Doc. 1 at ¶¶ 10, 15, 23, 24, 26, 31, & 35.*

To survive a motion to dismiss, Novak's claims must only be plausible on their face, with the Court drawing all reasonable inferences in Novak's favor. *Iqbal*, 129 S.Ct. at 1949. The Court concludes, based on the allegations referenced above, that Novak has stated a plausible claim for breach of contract and for breaches of the implied covenant of good faith and fair dealing. In Montana, "[a] civil action arises out of: (1) an obligation; [and] (2) an injury." § 27-1-104, MCA. "An obligation is a legal duty by which one person is bound to do or not to do a certain thing and arises from ... a contract[.]" § 27-1-105(1), MCA. Novak has alleged the existence of a contract giving rise to certain obligations on the part of Defendants. She has alleged that Defendants breached their

obligations, and that she was damaged as a result. Accordingly, the
Court concludes that Defendants' motion to dismiss these claims should
be denied.

### 3.   Novak's Prayer for Punitive Damages

Novak seeks punitive damages, but her complaint does not specify
against which of the Defendants she seeks these damages or for which
claims. *Court Doc. 1 at 15 ¶ 7.*

#### a.   § 1983 Claim

Defendants assert immunity from punitive damages pursuant to
§ 2-9-105, MCA, which provides that "[t]he state and other
governmental entities are immune from exemplary and punitive
damages." It is clear, however, that Montana state law does not govern
immunity under § 1983. The United States Supreme Court has held
that state law immunities have no force against § 1983 suits where the
state law immunity purports to provide immunities "over and above
those already provided in § 1983." *Howlett v. Rose*, 496 U.S. 356, 375-
76 (1990).

A municipal entity is immune from punitive damages under 42
U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247,

268-71 (1981). Suits against state officials in their official capacity should be treated as suits against the state. *Hafer v. Melo,* 502 U.S. 21, 25 (1991). Therefore, Novak may not recover punitive damages against the Anaconda School District or against Defendant Darnell in his official capacity.

Punitive damages are permitted, however, against a municipal official in his individual capacity if the official's conduct is shown to be "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Punitive damages are also available when a defendant engages in oppressive conduct by either misusing authority or exploiting a plaintiff's weakness. *Dang v. Cross*, 422 F.3d 800, 809-11 (9th Cir. 2005). Novak has alleged that her weaker bargaining position was exploited in connection with her improper termination. *Court Doc. 1 at ¶33.* The Court concludes, therefore, that Novak has stated a sufficient claim for punitive damages against defendant Darnell in his individual capacity.

  b.  **State Law Claims**

§ 2-9-105, MCA, quoted above, immunizes state and other

governmental entities from liability for punitive damages. Pursuant to § 2-9-101(3), MCA, a "'[g]overnmental entity' means the state and political subdivisions." A "political subdivision" includes counties and school districts. § 2-9-101(5), MCA. Based on the clear language of § 2-9-105, MCA, the Court concludes that the Anaconda School District is immune from punitive damages claimed in connection with violations of state law. But § 2-9-105, MCA does not apply to defendant Tom Darnell individually. Therefore, he is not afforded immunity from punitive damages pursuant to § 2-9-105, MCA.

In light of the foregoing analysis, the Court will recommend that Novak's prayer for punitive damages be dismissed with respect to the Anaconda School District, but that Defendants' motion be denied with respect to Novak's claim for punitive damages against Superintendent Tom Darnell individually.

### 4. <u>Novak's Fraud Claim</u>

Fraud must be plead with particularity. "[A] party must state with particularity the circumstances constituting fraud … ." F. R. Civ. P. 9(b). The degree of particularity required depends upon the amount of access a plaintiff has to specific facts. *See, e.g., Ebeid ex rel. U.S. v.*

*Lungwitz*, 616 F.3d 993, 999 (9th Cir. 2010) (requirements can be relaxed where evidence is exclusively within defendant's possession). But the allegations of the alleged fraud "must be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Thus plaintiffs must supply a higher degree of notice when alleging fraud; they must plead the who, what, where, when, and how of the alleged fraud. *See Ebeid*, 616 F.3d at 999; *Kearns*, 567 F.3d at 1124; *Schaller Tel. Co. v. Golden Sky Systems, Inc.*, 298 F.3d 736, 746 (8th Cir. 2002).

Rule 9(b) serves three purposes: "(1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Kearns*, 567 F.3d at 1125 (internal quotations omitted).

Despite the higher degree of notice required when alleging fraud, Rule 9 does not abrogate the Rule 8 notice pleading standard – the two rules must be read together. *See U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185-86 (5th Cir. 2009). And, under Rule 12(b)(6), a defendant retains the burden of proving that plaintiff has failed to state a fraud claim. *Anderson*, 2009 WL 2423327 * 2.

A federal court looks to state law to see whether the elements of fraud have been pled sufficiently. *Kearns*, 567 F.3d at 1125. In Montana, a party must particularly plead the following nine elements to properly state a fraud claim:

(1)   a representation;
(2)   the falsity of that representation;
(3)   the materiality of that representation;
(4)   the speaker's knowledge of the representations falsity or ignorance of its truth;
(5)   the speaker's intent that the representation should be acted upon by the person and in the manner reasonably contemplated;
(6)   the hearer's ignorance of the representation's falsity;
(7)   the hearer's reliance upon the truth of the representation;
(8)   the hearer's right to rely upon the representation; and
(9)   the hearer's consequent and proximate injury or damages caused by their reliance on the representation.

*In re Estate of Kindsfather*, 108 P.3d 487, 490 (¶ 17) (Mont. 2005).

The Court concludes that Novak has not stated her fraud claim

with particularity. Her fraud claim is stated in paragraphs 40 through 43 of her Complaint. Those paragraphs do not identify who made the intentionally false representations, when the false representations were made, or how they were made. They do not specifically allege what the false representations were, only that they were "relative to her tenured status." *Court Doc. 1 at 41.* Although the Court can guess as to what those representations might have been, neither the Court nor the Defendants should have to guess about fraud allegations. In light of the foregoing, the Court recommends that Defendants' motion be granted with respect to Count VI, and that Novak be given leave to amend to re-allege her fraud claim within 14 days, should she choose to do so.

## IV. <u>CONCLUSION</u>

Based on the foregoing, IT IS RECOMMENDED that Defendants' Motion to Dismiss (*Court Doc. 5*) be GRANTED with respect to Count VI (Fraud) and also with respect to Novak's prayer for punitive damages against Anaconda School District, School District No. 10, and Deer Lodge County. The Court recommends that the Motion to Dismiss be DENIED in all other respects.

IT IS FURTHER RECOMMENDED that Novak be granted 14 days within which to amend her complaint to re-allege her fraud count.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 5th day of May, 2011.

/s/ Carolyn S. Ostby
United States Magistrate Judge