SCANNED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| SARA NOVAK, | CV-10-62-BU-RFC |
| Plaintiff, | |
| vs. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| ANACONDA SCHOOL DISTRICT, SCHOOL DISTRICT NO. 10, DEER LODGE COUNTY, and TOM DARNELL, individually and as Superintendent of Anaconda School District, | |
| Defendants. | |

On May 5, 2011, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court grant in part and deny in part the Motion to Dismiss.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the May 5, 2010 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all

1

objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

A.   **Subject Matter Jurisdiction**

Defendant argues that this Court lacks subject matter jurisdiction to hear Plaintiff's due process claims because she failed to exhaust non-judicial remedies. The jurisdictional issue is intertwined with the merits of this case. Where the question of jurisdiction is intertwined with the merits, the court must consider the allegations in the complaint as true, unless controverted by undisputed facts in the record, and must draw all reasonable inferences in favor of the plaintiff. *Center for Biological Diversity v. Salazar*, 2010 WL 4055568 (N.D. Cal. 2010) (citing *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)). In *Roberts*, the Ninth Circuit stated that if a district court cannot determine jurisdiction on the basis of a threshold inquiry analogous to a Rule 12(b)(6) motion, the court may assume jurisdiction and go on to determine the relevant jurisdictional facts on

2

either a motion going to the merits or at trial. *Roberts*, 812 F.2d at 1178. The motion to dismiss for lack of jurisdiction is denied.

### B. Failure to State a Claim – Rule 12(b)(6)

#### 1. Plaintiff's § 1983 Claim

Plaintiff is alleging that her due process rights were violated when Defendants improperly terminated her employment pursuant to Mont. Code Ann. § 20-4-206, instead of Mont. Code Ann. § 20-4-204.

The Fourteenth Amendment forbids any State from depriving persons of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. XIV. But the United States Constitution does not itself create property interests. *Doyle v. City of Medford*, 606 F.3d 667, 672 (9th Cir. 2010). Rather, "they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

"[P]ublic employees who can be discharged only for cause have a constitutionally protected property interest in their tenure and cannot be fired without due process." *Gilbert v. Homar*, 520 U.S. 924, 928-29 (1997). In order to establish a deprivation of due process, an employee "needs an individual entitlement grounded in state law, which cannot be removed except for cause . . ." *Weisbch v. County of Los Angeles*, 119 F.3d 778, 780 (9th Cir. 1997).

3

The Complaint states a claim, plausible on its face, pursuant to 42 U.S.C. § 1983. Plaintiff alleges that she was a tenured teacher "upon her acceptance as a Driver's Education Instructor in 2009 (her fourth consecutive contract)." *Court Doc. 1 at 3-4, ¶ 9.* Plaintiff also specifically alleges Defendants violated her right to due process under the United States Constitution. *Court Doc. 1 at 4, ¶ 10.*

### 2. Plaintiff's Breach of Contract & Breach of the Covenant of Good Faith and Fair Dealing Claims

Defendants contend that Plaintiff failed to identify a specific contract that Defendants breached. Based upon the allegations in the Complaint, Plaintiff has stated a plausible claim for breach of contract and for breaches of the implied covenant of good faith and fair dealing. In Montana, "[a] civil action arises out of: (1) an obligation; [and] (2) an injury." Mont. Code Ann. § 27-1-105. "An obligation is a legal duty by which one person is bound to do or not to do a certain thing and arises from . . . a contract[.]" Mont. Code Ann. § 27-1-105(1). Plaintiff has alleged the existence of a contract giving rise to certain obligations on the part of Defendants. She has alleged that Defendants breached their obligations, and that she was damaged as a result.

4

### 3. Plaintiff's Prayer for Punitive Damages

#### a. §1983 Claim

A municipal entity is immune from punitive damages under 42 U.S.C § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 268-71 (1981). Suits against state officials in their official capacity should be treated as suits against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Punitive damages are permitted, however, against a municipal official in his individual capacity if the official's conduct is shown to be "motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Punitive damages are also available when a defendant engages in oppressive conduct by either misusing authority or exploiting a plaintiff's weakness. *Dang v. Cross*, 422 F.3d 800, 809-11 (9th Cir. 2005). Novak has alleged her weaker bargaining position was exploited in connection with her improper termination. A sufficient claim has been made for punitive damages against Darnell in his individual capacity.

#### b. State Law Claims

Pursuant to the clear language of Mont. Code Ann. § 2-9-105, Anaconda School District is immune from punitive damages claimed in connection with violations of state law. But Mont. Code Ann. § 2-9-105 does not apply to

5

defendant Darnell individually. Plaintiff's prayer for punitive damages must be dismissed with respect to Anaconda School District.

### 4. Plaintiff's Fraud Claim

Fraud must be plead with particularity. F.R.Civ.P. 9(b). Magistrate Judge Carolyn Ostby found that the fraud claim in the Complaint was not plead with sufficient particularity and recommended dismissal and that Plaintiff be given leave to amend to re-allege her fraud claim within 14 days. Plaintiff filed an Amended Complaint on May 18, 2011. This issue is moot.

### CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss [*doc. 5*] is **GRANTED** with respect to Plaintiff's prayer for punitive damages against Anaconda School District, School District No. 10, and Deer Lodge County. The Motion to Dismiss is **DENIED** in all other respects. The Clerk of Court shall notify the parties of the making of this Order.

DATED the 21st day of June, 2011.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE